**Roy STEVEN, Petitioner,**

**v.**

Eric H. HOLDER Jr.,* Respondent.

No. 08–5022–ag.

United States Court of Appeals,
Second Circuit.

Aug. 20, 2009.

Gregory Marotta, Vernon, NJ, for Petitioner.

Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Roy Steven, a native and citizen of Indonesia, seeks review of the September 24, 2008 order of the BIA denying his motion to reopen. *In re Roy Steven*, No. A096 427 057 (B.I.A. Sept. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006). Under 8 C.F.R. § 1003.2(c)(2), an applicant may file only one motion to reopen his proceedings and that motion must be filed within 90 days of the entry of the final decision in the underlying proceeding. However, an applicant may be excused from compliance with the time and numerical limitations on motions to reopen if he submits evidence establishing "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion "is

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

It is beyond dispute that Steven's motion was untimely. Moreover, he has waived any challenge to the BIA's finding that his marriage and the birth of his son reflect a change in his personal circumstances and not a change in circumstances arising in Indonesia. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In any event, it is well settled that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions that would establish an exception to the filing deadline for motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir. 2005).

The agency also did not abuse its discretion in finding that Steven failed to demonstrate changed country conditions sufficient to excuse the untimeliness of his motion, because much of the "new" evidence he submitted pre-dated his November 2005 merits hearing. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (noting that the failure to offer evidence of changed country conditions that was not previously available is a proper ground on which the BIA may deny a motion to reopen). Steven argues that the BIA failed to consider all the background evidence he submitted; however, we presume that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise. *See Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). The record in this case does not compellingly suggest otherwise where the evidence Steven submitted did not demonstrate that conditions had changed in Indonesia since his November 2005 hearing. Indeed, Steven's brief to this Court states that restrictions on religions "continue to exist" and that "dangerous conditions in Indonesia persist." Accordingly, because Steven failed to demonstrate changed country conditions, the agency did not abuse its discretion in denying his untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).